UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EVENS CHERISME,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, DAVID WESLING, Acting Field Office Director, U.S. Immigration and Customs Enforcement, TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, KRISTI NOEM, U.S. Secretary of Homeland Security, PAMELA BONDI, U.S. Attorney General<br><br>Respondents. | Civil Action No. 25-13690-MJJ |

**MEMORANDUM OF DECISION AND ORDER**

December 29, 2025

JOUN, D.J.

Evens Cherisme ("Mr. Cherisme" or "Petitioner") petitions the Court under 28 U.S.C. § 2241 and the Due Process Clause of the Fifth Amendment for relief from detention at the Plymouth County Correctional Facility.

**I.   FACTUAL BACKGROUND**

Mr. Cherisme is a citizen of Haiti. [Doc. No. 1 at ¶ 31; Doc. No. 9-1 at ¶ 6]. On or about August 13, 2001, Mr. Cherisme entered the United States without admission or parole and was determined inadmissible pursuant to 8 U.S.C. § 1182(7)(A)(i)(I) and § 1182(6)(C)(i). [Doc. No.

1

1 at ¶ 32; Doc. No. 9-1 at ¶ 7; Doc. No. 9-2]. That same day, Mr. Cherisme was taken into ICE custody and detained at the Krome North Service Processing Center ("Krome") in Miami, Florida. [Doc. No. 9-1 at ¶ 8]. Mr. Cherisme claimed fear of removal to his home country. [*Id*.]. On August 20, 2001, U.S. Citizenship and Immigration Services ("USCIS") conducted a credible fear interview and issued a positive credible fear determination. [*Id*. at ¶ 9]. However, on or around October 31, 2003, after a hearing on the merits of his applications for relief from removal, an Immigration Judge found that Petitioner was inadmissible under 8 U.S.C. § 1182(6)(C)(i) and 1182(7)(A)(i)(I), denied Petitioner's applications for relief from removal, and entered an order of removal against him. [*Id*. at ¶ 11; Doc. No. 1 at ¶ 32; Doc. No. 9-5 at 3–19]. Mr. Cherisme appealed the removal order to the Board of Immigration Appeals, which dismissed his appeal on or about May 31, 2005. [Doc. No. 1 at ¶ 32; Doc. No. 9-1 at ¶ 12; Doc. No. 9-5 at 2].

Almost five years later, on or around February 13, 2010, Petitioner re-entered the United States and was arrested by border patrol officials. [Doc. No. 1 at ¶ 33; Doc. No. 9-1 at ¶ 13; Doc. No. 9-6]. That same day, Mr. Cherisme was released on an Order of Supervision ("OSUP").[1] [Doc. No. 1 at ¶ 33; Doc. No. 9-1 at ¶ 14; Doc. No. 9-7]. He requested a reasonable fear interview in 2017. [Doc. No. 10-1 at ¶¶ 24–25]. Since he re-entered the United States in 2010 until he was arrested on October 28, 2025, Petitioner has been compliant with ICE check-in and reporting requirements. [Doc. No. 1 at ¶ 34]. He is married to a U.S. citizen and has three young children, including a child with autism, for whom he provides care. [Doc. No. 10-1 at 3–4, ¶¶ 1, 7].

---

[1] ICE inadvertently issued a Form I-220A, Order of Release on Recognizance Petitioner instead of a Form I-220B, Order of Supervision ("OSUP"). [Doc. No. 9-1 at ¶ 14].

At an ICE check-in on October 28, 2025, ICE revoked Mr. Cherisme's order of supervision and arrested him. [Doc. No. 1 at ¶ 38; Doc. No. 9-1 at ¶ 15]. The next day, a Notice of Revocation of Release was issued, indicating that ICE had determined that the purposes of release have been served and that it is appropriate to enforce the removal order. [Doc. No. 9-1 at ¶ 15; Doc. No. 9-8 at 1]. The Notice was signed by David T. Wesling. [Doc. No. 9-8 at 1]. According to Respondents, Mr. Cherisme, refused to sign the Notice. [Doc. No. 9-8 at 2]. On October 29, 2025, an interviewing ICE officer described as "D8379" claims to have conducted an initial informal interview. [Doc. No. 9-8 at 3]. According to "Alien Informal Interview" sheet, Mr. Cherisme stated that he "Needs to speak w/ a attorney." [*Id.*]. According to Mr. Cherisme's counsel, Mr. Cherisme was not afforded any notice or explanation as to why he was taken into custody, nor was he provided with an informal interview or an opportunity to respond. [Doc. No. 10-1 at 31–32, ¶ 9]. He asked to speak with his attorney, but was only able to speak to his counsel briefly to tell counsel he was detained. [*Id.*]. According to Mr. Cherisme, ICE "did not explain to me why they had decided to revoke my order of supervision. They never gave me an interview that allowed me the opportunity to challenge the reasons for why they were detaining me. They did not even tell me the reason." [Doc. No. 10-1 at 9–10, ¶ 7].

On November 6, 2025, ICE referred Mr. Cherisme to U.S. Citizenship and Immigration Services for a reasonable fear interview. [Doc. No. 9-1 at ¶ 17]. USCIS scheduled the reasonable fear interview for December 12, 2025. [*Id*. at ¶ 18]. On December 12, 2025, Mr. Cherisme was woken up at around 4:30 A.M. and taken from Plymouth County to Burlington to speak with an asylum officer. [Doc. No. 10-1 at 10, ¶ 10]. When Mr. Cherisme spoke with the asylum officer, he learned that she did not have his attorney's information on file for the reasonable fear

interview. [*Id*.]. Mr. Cherisme objected to moving forward with the interview without his attorney. [*Id*.]. Mr. Cherisme remains detained at Plymouth. [Doc. No. 9-1 at ¶ 20].

## II. DISCUSSION

### A. *Zadvydas* Is Not Applicable

As a preliminary matter, Respondents argue that, because Mr. Cherisme has been detained for less than six months, his detention pending execution of his removal order is presumptively reasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents' argument misses the mark. This case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal as in *Zadvydas*. This case is about ICE's authority to *re-detain* Mr. Cherisme after he was issued a final order of removal, detained, and subsequently released on an OSUP. DHS regulation 8 C.F.R. § 241.4 applies to non-citizens in Petitioner's situation.

### B. Lawfulness Of Detention

The Department of Homeland Security may revoke the release of a petitioner like Mr. Cherisme if 1) "[t]he purposes of release have been served," 2) "[t]he alien violate[d] any condition of release," 3) "[i]t is appropriate to enforce a removal order or to commence removal proceedings against an alien," or 4) "[t]he conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate." 8 C.F.R. § 241.4(l)(2). Section 241.4(l)(1) requires Mr. Cherisme "be notified of the reasons for revocation." On October 29, 2025, ICE issued a Notice of Revocation, which stated Mr. Cherisme's order of supervision was revoked "based on a review of [his] official alien file and a determination that there are changed circumstances in [his] case." [Doc. No. 9-8 at 1]. The Notice of Revocation then stated that on October 31, 2003, Mr. Cherisme was ordered removed and that he is subject to an administrative

final order of removal, and that "the purposes for your release have been served and it is appropriate to enforce the removal order." [*Id*.].

Mr. Cherisme argues that Respondents violated its own regulations and his due process rights because he was not given meaningful notice of his revocation and a meaningful opportunity to be heard during his informal interview. Respondents argue that ICE has broad, discretionary authority to revoke an Order of Supervision in this context under § 241.4, and it has fully complied with its regulatory requirements. In relevant part, Section 241.4(l)(1) states,

> Upon revocation, the alien will be notified of the reasons for revocation of his or her release or parole. The alien will be afforded an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification.

Assistant Field Office Director Keith Chan asserted in his declaration that, on October 29, 2025, "ICE conducted an informal interview to afford Petitioner an opportunity to respond to the reasons for the revocation. [Doc. No. 9-1 at ¶ 16]. The Informal Interview sheet described the interviewing officer as "D8379" and stated that Mr. Cherisme needs to speak with an attorney. [Doc. No. 9-8 at 3]. Much information is missing. Did the interviewer have the authority to give the interview? How much time, if any, was Mr. Cherisme given to review the Notice of Revocation before he was interviewed? Did the interview move forward after Mr. Cherisme asked for his attorney? Answers to these basic questions are necessary to determine whether Mr. Cherisme had meaningful notice and an opportunity to respond to the reasons for the revocation of the Order of Supervision.

Regardless, the fact is that the Respondents have long known that Mr. Cherisme had a final order of removal against him, that he had been under supervision since 2010 while awaiting a reasonable fear interview requested in 2017. Respondents have not identified any evidence supporting their decision to re-detain Mr. Cherisme; there are no "changed circumstances" such

5

that the "purpose of release had been served." Furthermore, even though a reasonable fear interview was scheduled for December 12, 2025, what little information I have suggests that the interview did not go forward.

On the record before me, Respondents have not shown that Mr. Cherisme was provided meaningful notice of the basis for revocation as required under their own regulations. *See Aponte-Rosario v. Acevedo-Vila*, 617 F.3d 1, 9 (1st Cir. 2010) (cleaned up) ("[I]t is well-settled that the essential requirements of procedural due process include adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner."). What little facts that have been established suggest that Mr. Cherisme was not given such notice and opportunity. "[B]ecause ICE did not follow its own regulations in deciding to re-detain [Mr. Cherisme], his due process rights were violated, and he is entitled to release. And even if that were not so, he still would be released because [Respondents have not shown] he was [] afforded even the minimal due process that protects everyone—citizens and noncitizens—in the United States." *Ceesay v. Kurzdorfer,* 781 F. Supp. 3d 137, 166 (W.D.N.Y. 2025).[2]

### III.  CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas is <u>GRANTED</u>. The Court <u>ORDERS</u> Mr. Cherisme be released to the same conditions as imposed by DHS on February 13, 2010.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge

---

[2] Because I find that Mr. Cherisme was not provided meaningful notice of the basis for revocation and that Respondents have not followed their own regulations, I need not address the issue of whether the official who revoked Mr. Cherisme release had the authority to do so under ICE regulations.