**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| EVENS CHERISME,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, *et al.*,<br><br>Respondents. | ) | Civil Action No. 25-cv-13690-MJJ |

**MEMORANDUM OF DECISION**

September 25, 2026

JOUN, D.J.

Petitioner Evens Cherisme ("Petitioner") filed a petition for writ of habeas corpus challenging his immigration detention. This Court granted the petition and ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). Petitioner now seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). For the reasons set forth below, the Court grants Petitioner's motion in part.

## I. BACKGROUND

Petitioner re-entered the United States in approximately 2010. [Doc. No. 1 at ¶ 34]. In October 2025, Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner. [*Id.* at ¶¶ 1, 3]. Petitioner remained in detention at the Plymouth County Correctional Facility without a bond hearing. [*Id.*]. Petitioner filed a habeas petition on December 5, 2025, arguing that his ongoing detention without a bond hearing was unlawful. *See generally* [*id.*]. Respondents filed a response on December 12, 2025, arguing that Petitioner was lawfully detained because ICE

revoked his Order of Supervision. [Doc. No. 9 at 10–20]. Petitioner submitted a reply brief further requesting his immediate release. [Doc. No. 10 at 2–3]. The Court granted Petitioner's habeas petition and ordered Respondents to release Petitioner on the same conditions imposed by DHS in 2010. [Doc. No. 11]. Petitioner moved for attorney's fees under EAJA. [Doc. No. 12].

## II. LEGAL FRAMEWORK

EAJA provides "an exception to th[e] rule" that "each party is usually required to bear its own attorneys' fees." *Castaneda-Castillo v. Holder*, 723 F.3d 48, 56 (1st Cir. 2013). Specifically, EAJA mandates that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

## III. DISCUSSION

### A. Prevailing Party in a Civil Action

Respondents argue that habeas proceedings are not "civil actions" for the purposes of EAJA. [Doc. No. 23 at 6–9]. Because EAJA does not define "civil action," Respondents contend that any ambiguity—including whether habeas actions are "civil actions"—must be construed in favor of the government. [*Id.* at 6]. The Court has already addressed this argument and concluded that immigration habeas cases *are* civil actions for the purposes of EAJA, *Orellana-Serrano v. Hyde*, No. 25-12646, Doc. No. 30 at 2–3 (D. Mass. Aug. 21, 2026), and incorporates that same reasoning and conclusion here.

### B. Not Substantially Justified

Respondents also contend that they were substantially justified in litigating the habeas petition at issue. [Doc. No. 23 at 9–15]. The First Circuit has explained that:

> It is well-settled that the government bears the burden of establishing that its position was substantially justified. The government needs to satisfy this burden by a preponderance of the evidence, and it must justify the positions it took both during the litigation and the agency proceedings that preceded that litigation. These positions must have a reasonable basis in both law and fact.

*Castaneda-Castillo*, 723 F.3d at 73 (citations omitted).

Here, Respondents' position lacked a "reasonable basis in . . . law." *Id*. Respondents violated their own regulations when they re-detained Petitioner. [Doc. No. 11 at 5–6]. Petitioner was not afforded meaningful notice of the basis for revoking his Order of Supervision, as ICE's own regulations require, and this Court found that "Respondents have not identified any evidence supporting their decision to re-detain Mr. Cherisme." [*Id.*]. Moreover, by the time Respondents maintained that ICE had lawfully revoked Petitioner's Order of Supervision, this Court had already ordered the release of a petitioner in a factually similar case based on Respondents' failure to comply with those same regulations and provide adequate notice. *Guzman-Valdez v. McDonald*, No. 25-12308, Doc. No. 26 at 10 (D. Mass. Oct. 3, 2025) ("What little facts that have been established suggest that Mr. Guzman-Valdez was not given such notice and opportunity. [B]ecause ICE did not follow its own regulations in deciding to re-detain [Mr. Guzman-Valdez], his due process rights were violated, and he is entitled to release." (quotations omitted)); *see also Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152–53 (D. Mass. 2025) (holding "[b]ased on ICE's violations of its own regulations, I conclude that Mr. Nguyen's detention is unlawful and that his release is appropriate" and ordering release "pursuant to the conditions in his preexisting Order of Supervision"). Against that backdrop—and particularly given Respondents' failure to identify evidence supporting the re-detention—I am unpersuaded that Respondents "ha[d] a reasonable basis in law for the theories advanced." *United States v. Yoffe*, 775 F.2d 447, 450 (1st Cir. 1985).

**C. Calculation of Fees**

**1. <u>Sameer Ahmed</u>**

EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The First Circuit has previously approved using the Annual Consumer Price Index for all Urban Consumers ("CPI–U") to calculate cost-of-living adjustments, *see Castaneda-Castillo*, 723 F.3d at 76–77, as Petitioner suggests, [Doc. No. 12-2 at ¶ 19].[1] Based on the 2025 CPI-U for the Boston region, Petitioner seeks $267.46 per hour for 32.2 hours, [Doc. No. 12-2 at 6-7]; [Doc. No. 26-2 at ¶ 5]. The Court finds this rate reasonable.

Petitioner included an updated fee request in their reply brief to include hours spent on the attorney's fees motion and the reply. *See* [Doc. No. 26-2]. This Court has already found that the holding and discussion in *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163–65 (1990) supports this position. *Paredes Quiroz v. Moniz*, No. 25-13393, Doc. No. 24 at 5 (D. Mass. Aug. 27, 2026). The EAJA "may provide compensation for *all* aspects of fee litigation," as "Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute." *Jean*, 496 U.S. at 162, 166 (emphasis in original). I therefore conclude that the fee requests for hours spent on the attorney's fees motion and reply, which appear reasonable, are likewise recoverable. The Court thereby awards Attorney Ahmed 32.2 hours at a rate of $267.46, for a total of $8,612.21.

**2. <u>Student Attorneys</u>**

Petitioner reasons that the student attorneys who worked under the supervision of Attorney Ahmed are also entitled to their $277 *Laffey* Matrix market rate because his expertise was critical

[1] The Court rejects Petitioner's reliance on the *Laffey* Matrix which, he acknowledges, [Doc. No. 12 at 16–17], is based upon rates in the District of Columbia and generally not used in this district. *See Sullivan v. Experian Info. Sols., Inc.*, No. 16-11719, 2022 WL 392848, at *9 n.24 (D. Mass. Feb. 9, 2022).

to their work. [Doc. No. 12 at 17]. In total, Petitioner seeks $5,623.10 for 20.3 hours of student work. [Doc. No. 26-2 at 2]. The record, however, does not indicate that the student attorneys possessed specialized expertise or prior experience litigating cases of this nature. *See generally* [Doc. No. 12]. This Court has previously held that, under such circumstances, student attorneys should be compensated at a rate below that of experienced paralegals rather than at prevailing market rates for attorneys. *Orellana-Serrano v. Hyde*, No. 25-12646, Doc. No. 30 at 5 (D. Mass. Aug. 21, 2026) (citing *Cano v. Saul*, 505 F. Supp. 3d 20, 31 (D. Mass. 2020) (awarding student attorney fees at a rate of $75/hour)). As explained *supra*, the Court will include the student attorneys' time spent preparing the fee motion and reply. And because Attorney Ahmed has already excluded student attorney hours that he deemed unreasonable, [Doc. No. 26-2 at 2], the Court finds the amount of student work reasonable. The Court therefore awards $75/hour for 20.3 hours of student attorney work, for a total of $1,522.50.

### 3. <u>Out-of-pocket Expenses</u>

Petitioner also seeks $354.93 in costs, which include filing fees, interpreter fees, and the costs associated with using Plymouth County Correctional Facility's JurisLink videoconferencing system. [Doc. No. 12 at 18]. The government does not make any specific arguments as to why Petitioner should not be awarded these expenses. *See* [Doc. No. 23]. This Court recently found costs like these are reasonable. *Orellana-Serrano v. Hyde*, No. 25-12646, Doc. No. 30 at 6 (D. Mass. Aug. 21, 2026). The Court thereby awards $354.93 in costs.

## IV. CONCLUSION

For these reasons, Petitioner's Motion for Attorney's Fees, [Doc. No. 12], is GRANTED in part, with the reductions noted above, for a total of $10,519.64.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge